**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDRE CHINEME,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:21-CV-1851-K-BH** |
| | ) | |
| **JULIA HAYES,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge**[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on August 9, 2021 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## BACKGROUND

On August 9, 2021, the plaintiff filed this action against the defendant and an unsigned application to proceed *in forma pauperis* (IFP) that was not filled out. (*See* docs. 3, 4.) The next day, he filed an amended complaint, and he filed attachments to the complaint on August 11, 2021. (*See* docs. 5, 7.) By *Notice of Deficiency and Order* dated August 11, 2021, he was notified that his IFP application did not provide enough information because it was not fully completed and unsigned, and that he must pay the filing fee or file a completed IFP application within fourteen days. (*See* doc. 6.) He was notified that neither his original complaint nor his amended complaint complied with Fed. R. Civ. P. 8(a), and that he must file a compliant complaint within fourteen days. (*See id.*) Finally, he was notified that a failure to comply with the order could result in the dismissal of his case. (*See id.*) Attached to the order were an IFP application, a complaint form, and a copy

---

[1] By *Special Order No. 3-251,* this *pro se* case has been automatically referred for full case management.

of Rule 8. (*See* docs. 6-1, 6-2, 6-3.) On August 16, 2021, the plaintiff returned the *Notice of Deficiency and Order* with the written notation, "No Contract." (*See* doc. 8.) On that date, he also filed a notice of change of address. (*See* doc. 9.) Well more than fourteen days from the date of the order have passed, but the plaintiff has not filed a fully completed IFP application, an amended complaint that complies with Rule 8, or anything else in this case.

## IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not filed a fully completed or signed IFP application. He has therefore not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the required filing fee. His IFP application should be denied.

## INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that he file a fully completed and IFP application within fourteen

days and a complaint that complies with Rule 8, despite warnings that failure to do so could result in dismissal of the case.  His return of the *Notice of Deficiency and Order* with the written notation, "No Contract" on August 16, 2021, appears to indicate his refusal to comply with the order, and he has not filed anything else since that date.  Because the plaintiff failed to follow a court order or otherwise prosecute his case, it should be dismissed.

## RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff either pays the $402 filing fee or files a fully completed IFP application, and files an amended complaint that complies with Rule 8, within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 29th day of November, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE